Circuit Court of Hamilton County.

IN THE MATTER OF HABEAS CORPUS FOR CHARLES DERRICK.

Decided, January 25, 1909.

*Sunday law—Prosecution for Violating—Police Justices—Appointed Under Section 1536-884a—Constitutional Law—Villages.*

1. A police justice of a village, appointed by virtue of authority conferred by Section 1536-884a, has under the present statutes of Ohio the same jurisdiction as is conferred upon mayors of such corporations.

2. The statute bestowing this jurisdiction the court believes to be unconstitutional, but inasmuch as the question of its constitutionality can not be raised in a collateral proceeding, the police justice in this case is treated as a *de facto* officer whose acts are valid as between the public and third persons.

*Amos Fosler, Henry G. Frost* and *Albert H. Morrill,* for the writ.

*Edwards Ritchie* and *Jas. E. Robinson,* contra,

SMITH, J., SWING, P. J., and GIFFEN, J., concur.

The agreed statement of facts sets out that on May 29, 1908, Edward Woodruff, the police justice of the village of Wyoming (appointed under Section 1536-884a, old Section 1831), caused

the arrest of the said Derrick for an alleged violation of the Sunday common labor law, which is claimed to have occurred at the defendant's place of business in the city of Cincinnati, at least a distance of ten miles from the boundary of the village of Wyoming; whereupon this application is made to the court for the release of said Derrick.

In support of this application it is urged—

First. That the right of the police justice to try the defendant, Derrick, does not exist, because the offense for which he was arrested was not committed in the village of Wyoming, in which the police justice was appointed, but was committed in the city of Cincinnati, ten miles distant from the boundary line of said village, for the reason that said police justice has jurisdiction only over violations of ordinances of his own village.

Second. That the Legislature having repealed Section 1536-884a without repealing Section 1536-885, this left the latter section without any full force and effect and that the result of the repeal of the main statute was to repeal the following statute with which it was connected; and when again the Legislature re-enacted Section 1536-884a without specifically re-enacting Section 1536-885, this brought upon the statute books only the one Section 1536-884a, the latter section not having been expressly re-enacted.

Third. That Section 1536-884a is unconstitutional for the reason that it contravenes Article IV, Sections 10 and 15 of the Constitution.

We are of the opinion and agree with counsel for the applicant that the right of the police justice to try the defendant does not exist under Section 1536-884a, unless Section 1536-885 is in force, as the offense was not committed against an ordinance of the village of Wyoming and the jurisdiction of the justice could not be extended to the limits of the county. The words, "in all such cases," contained in said law must refer to the words, "violation of ordinances." We think this view is sustained by a proper construction of the case of *Morgan* v. *Tighe*, 12 Ct. Ct., 719.

This being so, is Section 1536-885 in full force and effect, thus making the jurisdiction of the police justice in such matters the

same as the mayor of a village and consequently co-extensive with the county as provided in Section 1536-876?

An examination discloses that the old Sections 1831 and 1832 were passed as one (69 O. L., 192), and later in the revision of statutes were separated and classified as two distinct sections as Nos. 1831 and 1832. That the first was repealed (96 O. L., 105) and subsequently re-enacted (98 O. L., 159), thus leaving upon the statute book Section 1832. It is clear that having repealed Section 1831, Section 1832 was of no force or effect, as the office to which it related did not exist, but afterwards when Section 1831 was re-enacted, Section 1832 still being in existence, it was not necessary to re-enact the latter as the force and effect of the statute was at once restored and its application to Section 1831 was again available.

While it is true that a statute containing a clause repealing all other laws within its purview operates to repeal all other legislation relating to the same subject, yet we think that where the act repeals expressly a particular act or statute, this shows the intention of the Legislature to allow the remaining acts or statutes to stand although the same might be inoperative.

The claim that the law is unconstitutional we believe is well taken, but we are of the opinion that this question can not be raised in a collateral proceeding such as this.

It would seem that the police justice is an officer *de facto* at least and the acts of such an officer performed before the unconstitutionality of the law has been judicially determined are valid as respects the public and third persons as the acts of an officer *de facto*. *State* v. *Gardner*, 54 O. S., 24; *Ex Parte Strang*, 21 O. S., 610.

The discharge of the defendant is denied.